F I L E D
Clerk
District Court
JUL 24 2015
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

In Re: Junior Larry Hillbroom Litigation

Case No. 1:10-cv-00009

**DECISION AND ORDER DENYING DEFENDANTS LUJAN AND ISRAEL'S MOTION FOR JUDGMENT ON THE PLEADINGS**

## I. INTRODUCTION

Before the Court is a Motion for Judgment on the Pleadings ("Motion," ECF No. 144) filed by Defendants David J. Lujan and Barry J. Israel (collectively "Defendants"). In support of the Motion, defense counsel has submitted two sets of Cross-Defendant Keith Waibel's responses to interrogatories and one set of his responses to requests for production of documents (ECF No. 145), and has requested that the Court take judicial notice of 91 documents from the case of *In the Matter of the Estate of Larry Lee Hillblom,* Superior Court of the Northern Mariana Islands, Case No. 95-626 (Request for Judicial Notice, ECF No. 147).[1] Plaintiff Junior Larry Hillbroom ("Junior") has filed an Opposition (No. 171) to the Motion, supported by two exhibits: Waibel's answer to the First Amended Complaint in *Hillbroom v. Lujan et al.,* Case No. CV09-0841 ODW (C.D. Cal.), and Judge David O. Carter's Order Granting in Part and Denying in Part Motion to

---

[1] The unopposed Request for Judicial Notice is hereby GRANTED.

1

Dismiss in the case at bar (ECF No. 34). Defendants have filed a Reply (ECF No. 172). The matter came on for a hearing on May 8, 2015. Having considered the papers and the oral arguments of counsel, the Court DENIES the Motion.

## II. BACKGROUND

The background of this case has been sketched in many prior decisions of this Court and other courts, in litigation over the management of approximately $100 million in assets distributed to Junior in the settlement of the estate of Larry Lee Hillblom, who died in 1995. It is unnecessary to rehearse it here in any detail. Suffice it to say that in two Complaints,[2] Junior alleges that in 2001 his lawyers, Defendants Israel and Lujan, together with Kieth Waibel, trustee of the Junior Larry Hillbroom Trust ("JLH Trust"), conspired to wrongfully increase their contingency fee in Junior's recovery from the Hillblom estate from 38 percent to 56 percent, and thereby to drain the trust of millions of dollars. It is alleged that the conspiracy was effectuated through fraud and involved breaches of fiduciary duty to Junior and his guardians, especially his grandmother, Naoko Imeong ("Naoko").

## III. LEGAL STANDARD

On a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard,* 581 F.3d 922, 925 (9th Cir. 2009). Judgment on the pleadings should be granted "when there is no issue of material fact

---

[2] Junior filed suit separately against Lujan, in 1:10-cv-00009, and Israel, in 1:10-cv-00031. Subsequently, the two cases were consolidated. The allegations relevant to this Motion are nearly identical in the two Complaints. Paragraph references are to the Complaint (ECF No. 1) against Lujan.

in dispute, and the moving party is entitled to judgment as a matter of law." *Id.* The legal analysis is substantially the same as under Rule 12(b)(6), which requires the court to determine whether a complaint states a plausible claim for relief. *Chavez v. United States,* 683 F.3d 1102, 1108 (9th Cir. 2012). The Court's review of a Rule 12(b)(6) or 12(c) motion is generally limited to the contents of the complaint, but the Court may also consider documents attached to or incorporated by reference in the complaint, or matters of judicial notice. *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

## IV. DISCUSSION

### A. Arguments of the Parties

Defendants assert that judgment should enter in their favor because the relief Junior is seeking would require this Court to engage in improper appellate review of final orders of the Guam Superior Court and exceed its authority by altering or vacating those orders. (Mot. 1.) In their view, the exercise of subject matter jurisdiction by this Court would violate the Full Faith and Credit Clause (article IV, section 1) of the U.S. Constitution and the so-called *Rooker-Feldman* doctrine, which bars federal district courts from entertaining appeals of state court judgments. The Guam court orders that Defendants allege Junior is collaterally attacking are: (1) a 1995 order approving Junior's grandmother as his guardian; (2) a 1998 order establishing a trust account for interim payments to Junior; (3) a 1999 order approving the JLH Trust, with Waibel as trustee, and payment of attorney fees and costs; (4) a 1999 order of a preliminary distribution from the Hillblom estate to JLH Trust; (5) a 2000 order approving Waibel as Junior's off-island guardian; (6) a 2001 order approving the 56 percent JLH Trust fee agreement; and (7) four 2001–2 orders approving

Waibel's accounting. According to Defendants, Plaintiff is "improperly ask[ing] this Court to vacate these Guam Court orders and readjudicate the propriety of the accountings, expenditures and actions taken by the Protectors . . ." (Mot. 9.)

In response, Junior asserts he is not seeking to invalidate any orders other than the 2001 order approving the 56 percent fee. (Opp. 17.) As to that order, Junior notes that a federal court has the power to set aside a state-court order that was obtained by extrinsic fraud, and asserts that he has sufficiently pled extrinsic fraud. (*Id.*) Defendants deny that Junior has adequately pled extrinsic fraud. (Reply 8.)

The Court agrees with Junior that the only Guam court order that is arguably under collateral attack is the 2001 order approving the 56 percent fee agreement. If Junior wins this lawsuit, that order alone will effectively be made a nullity. Junior is not seeking to roll back any of the other orders.

B.     Full Faith and Credit

Under the Full Faith and Credit Act, any court within the United States must give "the same full faith and credit" to any judicial act as that act has in the state, territory, or possession that issued it. 28 U.S.C. § 1738. Under the doctrine of full faith and credit, a party is precluded from relitigating claims and issues that were already decided in any U.S. court. This preclusive effect is sometimes referred to as res judicata. *Robi v. Five Platters, Inc.,* 838 F.2d 318, 321 (9th Cir. 1988). Federal courts must "apply the res judicata rules of a particular state to judgments issued by courts of that state." *Id.* at 322. The Full Faith and Credit Act treats territories and possessions the same as states. Therefore, Guam res judicata rules apply to determining whether this Court is precluded

from revisiting the 2001 order of the Guam court. Under Guam law, a claim is precluded only if (1) there has been a "final judgment on the merits; (2) the party against whom claim preclusion is asserted was a party or is in privity with a party in the prior suit; and (3) the issue decided in the prior suit is identical with the issue presented in the later suit." *Presto v. Lizama,* 2012 Guam 24 ¶ 22.

Defendant Lujan has already raised res judicata as a defense against this lawsuit once before, in a motion to dismiss (ECF No. 14). In its 2010 Order (ECF No. 34) denying in part and granting in part the motion, the Court rejected that defense. Because the order was not a final judgment on the merits, it does not have preclusive effect – a trial court may revise its decision "at any time before the entry of" a final judgment. Fed. R. Civ. P. 54(b). As to Lujan, the instant motion is an invitation for the Court to reconsider its prior ruling. C.A. Wright and A.R. Miller, Federal Practice and Procedure § 4478.1 (2d ed.); *United States v. Houser,* 804 F.2d 565, 567 (9th Cir. 1986).

An added twist is that the earlier ruling was made not by the undersigned but by a different judge, Judge David O. Carter. Deference to a predecessor's rulings may have the desirable effect of deterring judge-shopping. Wright and Miller, Fed. Prac. And Proc. § 4478.1. At the same time, a judge should no sooner hesitate to correct a predecessor's clear error than she should refuse to correct her own. *See id.* ("Self-correction is manifestly important if the alternative is the greater delay and expense that would result from persisting in the error and eventual appellate reversal."); *Gilbert v. Illinois State Bd. of Educ.,* 591 F.3d 896, 902 (7th Cir. 2010) ("The successor judge

should depart from the [prior] judge's decision only if he has a conviction at once strong and reasonable that the earlier ruling was wrong . . .") (citation and internal quotation marks omitted).

Judge Carter pointed to two reasons that the Guam court's approval of the 56 percent fee does not preclude Junior's claims:

> First, [Junior] Hillbroom does not simply seek a re-adjudication of those fee payments; his claims instead arise out of Lujan's alleged failure to apprise Hillbroom of his request for an increased contingency fee award, as well as Lujan's corresponding failure to faithfully represent Hillbroom's interests by knowingly submitting baseless attorneys' fees calculations to the Guam Superior Court. The Guam Superior Court did not resolve, or even purport to resolve, Hillbroom's concerns about the quality of Lujan's representation. Second, and to the extent Hillbroom challenges the attorneys' fees distributions approved by the Guam Superior Court, the Complaint expressly alleges that the Guam Superior Court's approval was induced by Lujan's fraudulent conduct, including but not limited to (1) Lujan's omission of material facts in his *ex parte* argument to the Guam Superior Court; (2) Lujan's failure to inform the Guam Superior Court about the fact that the proposed retainer agreement had been backdated; and (3) Lujan's failure to inform the Guam Superior Court that Waibel (Hillbroom's guardian and the trustee to the JLH Trust) had been fraudulently induced to agree to the revised attorneys' fee agreement. It is well-established that such allegations of extrinsic fraud act as an exception to general rules of issue preclusion.

2010 Order 5 (citations omitted).

Judge Carter got it right. Junior's claims of breach of fiduciary duty, fraud, and RICO violations stand regardless of whether Defendants were entitled to a 56 percent fee – the claim decided by the Guam court. That is to say, the issues the Guam court decided are not identical to the issues in this lawsuit, and therefore the third prong of the res judicata test is not satisfied. Moreover, res judicata may be avoided and an order set aside if the order was obtained by extrinsic fraud. *Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1141 (9th Cir. 2004) ("It has long been the law that a plaintiff in federal court can seek to set aside a state court judgment obtained through

6

extrinsic fraud."); *E. & J. Gallo Winery v. Gallo Cattle Co.,* 967 F.2d 1280, 1287 (9th Cir. 1992) (under California probate law, where order of settlement "has been obtain by extrinsic fraud perpetrated by the executor, the order can be set aside"). Defendants do not dispute this, but they maintain that as a matter of law, extrinsic fraud has not been adequately pled. Extrinsic fraud is "conduct which prevents a party from presenting his claim in court." *Wood v. McEwen,* 644 F.2d 797, 801 (9th Cir. 1981); *accord Trans Pacific Export Co. v. Oka Towers Corp.,* 2000 Guam 3 ¶ 34. Junior has complained that Defendants concealed their self-dealing from him, fraudulently induced his guardians to backdate the 56 percent retainer agreement, and submitted a report falsely justifying the fee. Any of this conduct, if proved, would constitute extrinsic fraud. (Compl. ¶¶ 39–47.)

Defendants' arguments to the contrary (Reply 5–7) are unconvincing. First, they assert that because at the time of the events in question Junior was a minor, he had no power to consent to the retainer agreement and any fraudulent concealment from him would have no legal consequence. Even if that were true, the complaint alleges that Defendants kept information not only from Junior but also from Naoko. (Compl. ¶¶ 30, 44.) Second, they maintain that because the Guam court approved the very payments that fraudulently (according to Junior) induced Naoko to go along with the backdating, a finding in Junior's favor would necessarily impute that the Guam court itself was corrupt. That conclusion doesn't follow from the premise. Undue influence on his guardians would have deprived Junior of a full and fair "opportunity to present his case in court." *Trans Pacific,* 2000 Guam at ¶ 34 (citation omitted). Third, Defendants insist that because the report Junior claims was false was reviewed by the Guam court, this action improperly seeks

appellate review of the Guam court's order. But Junior has alleged that the falsified report prevented him and his guardian Naoko from recognizing that the 56 percent fee was unjustified, thus depriving her of an opportunity to appeal on those grounds. That's extrinsic fraud.

For these reasons, after an independent review of the pleadings and moving papers, the undersigned finds that Judge Carter's ruling that res judicata does not bar Junior's claims is well supported and deserves to be followed. Defendants assert that their full faith and credit defense is distinct from the preclusion claim that Judge Carter analyzed. Generally speaking, however, full faith and credit merely extends the common law doctrine of res judicata so as to prevent claims that have already been addressed in state court from being wastefully relitigated in federal court. *Riley v. New York Trust Co.,* 315 U.S. 343, 349 (1942) ("By the Constitutional provision for full faith and credit, the local doctrines of res judicata . . . become a part of national jurisprudence . . ."). Defendants have not articulated a theory as to how their full faith and credit defense differs from res judicata. Therefore, the Court finds no basis in the Full Faith and Credit Clause to grant Defendant's motion for judgment on the pleadings.

C. *Rooker-Feldman* Doctrine

Defendants assert that Junior's federal lawsuit is barred because he is asking the district court to overturn a state court judgment – the 2001 Guam order approving the 56 percent fee – in violation of the jurisdictional limitation announced in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian,* 359 F.3d at 1139. Its

operation is "confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi basic Industries Corp.,* 544 U.S. 280, 284 (2005). *Rooker-Feldman* "applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment." *Kougasian,* 359 F.3d at 1140 (original emphasis).

*Rooker-Feldman* does not bar this lawsuit, for two reasons. First, Junior is not a state-court loser. In the Guam court in 2001, Junior was not Defendants' adversary. Rather, in the Hillblom probate and guardianship cases, Defendants were attorneys representing Junior's interests. (*See* Lujan Answer ¶ 4, ECF No. 36; Israel Answer ¶ 2, ECF No. 113.) The fact that Junior now feels that Defendants "sold out [his] interests" and "connived at his defeat" (Compl. ¶ 39) does not turn him into the losing party of a state-court contest.

Second, Junior does not seek to set aside the 2001 order based on legal errors by the Guam court, but because of Defendants' extrinsic fraud. "Extrinsic fraud on the court is, by definition, not an error by that court. It is, rather, a wrongful act committed by the party or parties who engaged in the fraud." *Kougasian,* 359 F.3d at 1141. As explained earlier, Junior has sufficiently alleged extrinsic fraud. Therefore, although this lawsuit may be a de facto appeal of the 2001 Guam court order, it is not barred by the *Rooker-Feldman* doctrine.

//

//

//

## V. CONCLUSION

Because Junior's claims are not precluded as res judicata, do not violate the Full Faith and Credit Clause, and are not subject to the *Rooker-Feldman* doctrine, all of Defendants' grounds for judgment on the pleadings fail. Therefore, the motion (ECF No. 144) is DENIED.

SO ORDERED this 24th day of July, 2015.

                                     /s/ Ramona V. Manglona
                                    RAMONA V. MANGLONA
                                    Chief Judge