**David J. Lujan,** *pro se*
300 DNA Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone    (671) 477-8064
Facsimile    (671) 477-5297
Email        djl@lawguam.com

*Defendant appearing pro se*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| IN RE JUNIOR LARRY HILLBROOM LITIGATION | Case 10-00009<br><br>FRCivP 45(a)(4) NOTICE |

Pursuant to FRCivP 45(a)(4), David J. Lujan, pro se, gives notice that he has procured from the Clerk of Court a subpoena to require the Clerk, Superior Court of Guam, to provide certified copies of documents from Superior Court Special Proceeding 0624-95. A copy of the subpoena, with its attachments, is included herewith.

January 10, 2019.

                                                                                    /s/
                                                           David J. Lujan, *pro se*

# CERTIFICATE OF SERVICE

I certify that I caused the foregoing document to be served through the Court's Management/Electronic Case Filing (ECF) system upon the following:

<u>Plaintiff's Counsel</u>
Mark B. Hanson
PMB 738, Box 10,000
Saipan MP 96950
mark@saipanlaw.com

Rachel A. Dimitruk
Box 3080
Koror PW 96940
dimitruk.palau@gmail.com

Nelson J. Werner
Box 10243
Koror PW 96940
nelson.werner57@gmail.com

<u>Counsel for Barry Israel</u>
Victorino DLG Torres
Box 501856
Saipan MP 96950

William K. Mills
Theodore W. Frank
800 W. 6th Street, Suite 500
Los Angeles CA 90017

<u>Keith Weibel, pro se</u>
2747 Indigo Court
Morro Bay CA 93443
Email KWSW81@aol.com

Submitted January 10, 2020.

_____/s/_____
David J. Lujan, *pro se*

# UNITED STATES DISTRICT COURT
for the
District of NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| IN RE JUNIOR LARRY HILLBROOM LITIGATION<br>*Plaintiff*<br>v.<br><br>*Defendant* | ) ) ) ) ) ) ) | Civil Action No. 10-00009 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: DANIELLE T. ROSETE, CLERK, SUPERIOR COURT OF GUAM

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: FROM IN RE GUARDIANSHIP OF JUNIOR LARRY HILLBROOM, JP 0624-95, CERTIFIED COPIES OF ORDER FILED DECEMBER 30, 1998, AND MINUTE ENTRY OF DECEMBER 23, 1998. UNCERTIFIED COPIES OF THE ORDER AND THE MINUTE ENTRY ARE ATTACHED.

| Place: | OFFICE OF DAVID J. LUJAN, 300 DNA BLDG. 238 ARCHBISHOP FLORES ST., HAGATNA GU | Date and Time: | JANUARY 20 2019 10:00 A.M. |
|---|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: JAN - 7 2020    **HEATHER L. KENNEDY**

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*    OR    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* DAVID J. LUJAN PRO SE
_____, who issues or requests this subpoena, are:

DAVID J. LUJAN, 300 DNA BLDG., 238 AB FLORES ST., HAGATNA GU 96910 DJL@LAWGUAM.COM 671 477-8064

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                             *Server's signature*

                             _____
                             *Printed name and title*

                             _____
                             *Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



**DAVID J. LUJAN, Esq.**
P.O. Box 3249
Hagåtña, Guam 96932
Telephone No.: 671-477-8064/5
Facsimile No.: 671-477-5297 (LAWS)

*ATTORNEY FOR CO-GUARDIAN AND CO-GUARDIAN AD LITEM*

FILED

DEC 23 11:55 AM '98

SUPERIOR COURT
OF GUAM

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE GUARDIANSHIP ) | JUVENILE SPECIAL |
| ) | PROCEEDINGS |
| ) | CASE NO. <u>JP0624-95</u> |
| OF ) | |
| JUNIOR LARRY HILLBROOM, ) | ORDER |
| Minor, ) | |
| By ) | |
| KAELANI KINNEY AND NAOKO IMEONG, ) | |
| CO-GUARDIANS. ) | |

Upon the Court's sua sponte order to show cause why Kaelani Kinney, the natural Mother of the Minor herein and Co-Guardian for said Minor, should not be removed as a Guardian; the Parties having submitted briefs on this issue pursuant to the Court's oral Order of May 4, 1998; a hearing on the Order To Show Cause having been heard on December 23, 1998 with Ms. Kinney, Attorney David J. Lujan and Attorney Jack Avery being present; and the Court having heard arguments and having considered the evidence herein,



**ORIGINAL**

0519

IN THE MATTER OF THE GUARDIANSHIP OF JUNIOR LARRY HILLBROOM
JUVENILE SPECIAL PROCEEDINGS CASE NO. JP 0624-95
**ORDER**
PAGE 2

IT IS HEREBY ORDERED that Kaelani Kinney be and is hereby removed as a Guardian for the Minor herein.

This removal does not preclude Kaelani Kinney from re-applying as guardian and guardian ad litem upon a future favorable change of circumstances.

SO ORDERED this _____ day of December, 1998.

_____
HONORABLE ALBERTO C. LAMORENA, III,
PRESIDING JUDGE,
SUPERIOR COURT OF GUAM

APPROVED AS TO FORM:

_____
JACK AVERY
Dated: 12/28/98

0520

MINUTE ENTRY

E NO: 98-2113 | PAGE NO: 1 | COURT CONVENED AT: 8:30 X AM _ PM | DATE: 12 23 1998

ESENT: JUDGE: ALBERTO C. LAMORENA III, Presiding Judge
CLERK: EVELYN CABRERA

SE NUMBER: JP0624-95 | CASE TITLE:
IN THE INTEREST
OF
J L. H MINOR ETAL

UNSEL PRESENT:
AINTIFF: D. Tugon
EFENDANT: C. Avery

ROCEEDINGS: OSC

| LOG NUMBER | DESCRIPTION |
|---|---|
| 4930 | -Case Called |
| | Co-Guardian present |
| 4940 | p/a = address ct. of memorandum filed in response to OSC. request to remove K. King as co-guardian |
| 5405 | D/A = address ct. nonsufficient cause for removal as guardian. request safeguard. |
| 5740 | Ct = address parties of co-guardian capacity presently. |
| 5746 | p/a = address ct. of capacity of guardian. |
| 6720 | D/A = address ct. of |
| 6785 | Ct = remove Kaitlin King for abuse of trust + wastage of case |
| | Ct-terminate guardianship. file petition for fees schedule. |

!Matter continued to: , 1998 At: am/pm

0521